United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Amkin Management, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-20913-Civ-Scola |
| | ) |
| American Home Assurance | ) |
| Company, Defendant. | ) |

**Order Granting Motion to Remand**

This matter is before the Court on Plaintiff Amkin Management, LLC's motion to remand its case back to state court (Pl.'s Mot., ECF No. 14). Defendant American Home Assurance Company filed a response in opposition to the motion (Def.'s Resp., ECF No. 20), to which Amkin has replied (Pl.'s Reply, ECF No. 27). After careful consideration of the briefs, the record, and the relevant legal authorities, the Court **grants** Amkin's motion to remand this case for the reasons set forth below. (**ECF No. 14.**)

1. **Background**

Amkin alleges that its real property, located in Bainbridge, Georgia, suffered damage as a result of Hurricane Michael in 2018. (Compl. ¶ 6, ECF No. 1-2, 8–22.) That property is covered by an insurance policy issued by American Home to Amkin. (*Id.* ¶ 3.) Amkin complains that American Home has taken positions at odds with Amkin's interpretation of the requirements of the terms of that policy. (*E.g., id.* ¶ 16.) As a result of the dispute, Amkin filed suit—seeking only declaratory relief—in state court. American Home thereafter removed the case to this Court, citing the Court's diversity jurisdiction. (Not. of Removal, ECF No. 1.)

Since then, the parties advise that an appraisal panel has calculated the actual-cash-value of the building damage. (Jt. Rep., ECF No. 32, 2.) And, based on that appraisal, American Home issued a payment to Amkin of nearly $9.5 million. (*Id.*) The parties' fundamental disagreement however, as to additional amounts Amkin claims entitlement to, persists. (*E.g., id.* at 5, 6–8.)

2. **Legal Standard**

An "irreducible constitutional minimum," Article III standing ensures that each plaintiff is "a proper party to invoke judicial resolution of [a] dispute and the exercise of the court's remedial powers." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Ladies Mem. Assoc., Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 994 (11th Cir. 2022). Standing requires a plaintiff to allege

(1) an "injury in fact," (2) that the injury is "fairly traceable" to the defendant's actions, and (3) that the injury would "likely" be "redressed by a favorable decision." *See Lujan*, 504 U.S. at 560–61. In removal cases, the defendant—as the party invoking the jurisdiction of the federal courts—bears the burden of establishing standing. *See Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). Further, "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* (cleaned up). And, because the "standing doctrine stems directly from Article III's 'case or controversy' requirement," it "implicates [a federal court's] subject matter jurisdiction." *Id.* (cleaned up).

Ultimately, the standing analysis depends on the type of relief sought. If a plaintiff seeks retrospective relief, the plaintiff must show "an invasion of a legally protected interest" that is "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *See id.* (quoting *Lujan*, 504 U.S. at 560). But, if a plaintiff seeks prospective relief, that plaintiff must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *See id.* at 1357 (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

### 3. Analysis

The Eleventh Circuit's opinion in *Mack* controls much of the Court's analysis here. In *Mack*, the Eleventh Circuit held that, where a "plaintiff seeks *prospective* relief, such as a declaratory judgment, he must 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Mack*, 994 F.3d at 1357 (quoting *Malowney*, 193 F.3d at 1346) (emphasis in original). The court continued, finding that the plaintiff there had no standing to seek prospective relief, as while he had "doubt concerning [his] rights" under the insurance policy at issue, there was no substantial likelihood of a future injury that would invoke the policy. *Mack*, 994 F.3d at 1357. The plaintiff also had no standing to seek retrospective relief either, as the court held that while the plaintiff was permitted to bring a supplemental claim for damages, the "*possibility* of supplemental relief does not convert [the plaintiff's] declaratory judgment claims into an effort to remedy past injuries." *Id.* at 1357–58 (emphasis added). Last, the court addressed the plaintiff's efforts to avoid federal jurisdiction. *Id.* at 1357. While it was "no secret" that the plaintiff there brought a claim for a declaratory judgment—rather than a claim for breach of contract—"to avoid federal jurisdiction," the court held that it is every plaintiff's "right to do so." *Id.*

Through its complaint, Amkin seeks declaratory relief concerning insurance coverage and policy interpretation largely for a past event—damage

caused by a hurricane in 2018 and the parties' disagreement as to amounts Amkin is due. American Home, however, characterizes all of Amkin's claims as seeking redress for "prospective future harm," pointing to what it describes as Amkin's allegations concerning a future unfavorable actual-cash-value award and Amkin's "failure to receive replacement cost value on yet-to-be-performed repairs." (Def.'s Resp. at 5.) The Court finds this characterization wholly inapt as to Amkin's first three counts.

Counts one through three all address past conduct. Through count one, Amkin complains American Home has improperly "refus[ed] to issue payment in the amount of the Appraisal Award and the amount of depreciation applicable to the Property." (Compl. ¶ 52.) Through count two, Amkin submits that American Home has improperly rejected a portion of the appraisal panel's coverage determination. (*Id.* ¶ 67.) And, through count three, Amkin maintains American Home has improperly applied the wrong deductible amount to Amkin's claim. (*Id.* ¶¶ 82–83.) In each count, Amkin explicitly complains about American Home's past conduct and resulting harms Amkin says it has already been subjected to. Those facts are static and no reasonable expectation of future, additional harm can be gleaned from these allegations. Accordingly, as to these three counts, there can be no standing for prospective relief. *See Lovelady v. Nat'l Spec. Ins. Co.*, No. 21-80717-CIV, 2021 WL 3855601, at *3 (S.D. Fla. Aug. 30, 2021) (Singhal, J.) (granting a motion to remand where the plaintiffs only sought "a declaration about coverage for [a] past event") (discussing *Mack*, 994 F.3d at 1357).

American Home's focus on Amkin's underlying pursuit on tens of millions of dollars that it says clearly satisfies the amount-in-controversy requirement for diversity jurisdiction is misplaced. (Defs.' Resp. at 6–9.) While Amkin has framed the controversy, in part, through a monetary lens, referencing both the appraisal panel's determination of a replacement cost value in excess of $42 million and its claim for a payment from American Home in excess of $23 million, it nonetheless seeks only declaratory relief in its complaint. While Amkin certainly could have brought purely retrospective claims for damages, it is a plaintiff's prerogative to frame its pleadings as it chooses. *See Mack*, 994 F.3d at 1357; *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[P]laintiffs are 'the master of the complaint' and are 'free to avoid federal jurisdiction' . . . by structuring their case to fall short of a requirement of federal jurisdiction.") (quoting *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)). Here, Amkin chose to frame counts one through three in a manner that avoids federal jurisdiction leaving the Court without subject-matter jurisdiction to hear them.

Amkin's fourth count, though, is not so clear cut. On the one hand, Amkin couches its request for relief, in count four, as it does in its other three counts, in retrospective terms. For example, Amkin complains about allegedly improper positions American Home has taken in the past. (Compl. ¶¶ 93 ("The Insurance Company has taken the position that . . . ."), 96 ("Due to the positions taken by the Insurance Company . . . ."). And Amkin's grievance appears centered on American Home's prior refusal to guarantee payment under a certain scenario. (*See id.* ¶ 93 (complaining that American Home would not "guarantee payment within 60 days of notice").) However, the Court also agrees with American Home that these allegations could alternatively be read to include the possibility of future harm: the prospect that, should Amkin provide American Home with notice of closing on the purchase of replacement property, American Home may decline to tender payment if it finds the property is nonqualifying. These events have not happened yet and so, at least arguably, Amkin may have standing, in federal court, as to count four.

Assuming Amkin has standing under count four, this would result in the Court's having subject-matter jurisdiction over only one out of four of Amkin's counts, leaving the Court in a bit of quandary: sever Amkin's case and remand only counts one through three, keeping count four in federal court; or remand the entirety of the case to state court. Amkin argues that the whole case must be remanded, pointing to limitations in the removal statutes as well as the inevitable inefficiencies of parallel litigations in two courts and the possibility of inconsistent rulings. Without any counter argument from American Home, the Court finds the solution straight forward. To the extent the Court's decision to sever and remand this case only in part is at all discretionary, neither party provides any support for why the Court *should* do so. Indeed, the Court agrees with Amkin that having two courts separately deciding these closely related counts, all arising out of the same loss and policy, would be both inefficient and risk inconsistent outcomes. *See Bruck v. Nat'l Veterinary Associates, Inc.*, 2:08-CV-341, 2008 WL 2704389, at *3 (S.D. Ohio July 3, 2008) (noting that "a district court must remand an entire case that includes a claim outside the court's jurisdiction") (concluding "that the language and purpose of 28 U.S.C. § 1441, and the dictates of economy, efficiency, and fairness weigh in favor of remanding the entire action); *Vinson v. Schneider Nat. Carriers, Inc.*, 942 F. Supp. 2d 630, 636 (N.D. Tex. 2013) ("Congress, in amending section 1441(c), elected not to allow severance and remand of a nonremovable claim with respect to an action removed on the basis of diversity of citizenship. The plain language of the statute allows a court to sever only the nonremovable claim and remand it to state court if the action also includes a claim under 28 U.S.C. § 1331, that is, one based on a federal question.").

### 4. Conclusion

For the above reasons, the Court **grants** Amkin's motion for remand (**ECF No. 14**) and **remands** this case to state court. The Court **directs** the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**.

Because the Court cannot consider American Home's motion to dismiss prior to assessing the jurisdictional issues, and because the Court concludes remand is warranted, the motion to dismiss (ECF No. 3) is held over for resolution by the state court. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.") Accordingly, the Clerk is directed to **terminate** the motion to dismiss (**ECF No. 3**) as no longer pending before this Court and any other pending motions are **denied as moot.**

**Done and ordered** at Miami, Florida, on July 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge